# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| LANIS E. SOLOMON, JR.,<br><br>                    Plaintiff,<br><br>v.<br><br>ARMOR CORRECTIONAL HEALTH,<br>INC., HEALTHCARE PROVIDERS,<br>and NURSE PRACTITIONERS,<br><br>                    Defendants. | Case No. 19-CV-12-JPS<br><br>**ORDER** |

        Plaintiff, a prisoner proceeding *pro se*, filed a complaint in the above-captioned case alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. On October 14, 2019, Defendant Armor Correctional Health Incorporated ("Armor") submitted an answer to the complaint. (Docket #18). On November 25, 2019, Plaintiff filed a motion to dismiss without prejudice. (Docket #21). Armor opposed the motion, explaining that it has already commenced preparing and defending against Plaintiff's claim. (Docket #22). Armor would, however, stipulate to a dismissal with prejudice. *Id.*

        A plaintiff may voluntarily dismiss his complaint without leave of the court if the defendant has yet to file an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1)(A)(i). Once a defendant has answered the complaint, the plaintiff can only dismiss the case without leave of the Court if the defendant stipulates to dismissal. *Id.* 41(a)(1)(A)(ii). The Court also has discretion to dismiss a case at the plaintiff's request "on terms that the court considers proper." *Id.* 41(a)(2). "The dismissal of a plaintiff's

complaint without prejudice under Rule 41(a)(2) is within the sound discretion of the district court." *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 473 (7th Cir. 1988). The district court abuses that discretion "only when it can be established that the defendant will suffer plain legal prejudice as the result of the district court's dismissal of the plaintiff's action." *Id.* (citations and internal quotation marks omitted). The following factors indicate whether the defendant will suffer "plain legal prejudice" if the action is dismissed without prejudice: (1) the effort and expense of preparing for trial; (2) plaintiff's delay and lack of diligence in prosecuting the action; (3) "insufficient explanation for the need to take a dismissal" and (4) whether the defendant has filed a motion for summary judgment. *Pace v. S. Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969).

When the factors in *Pace* are considered in relation to the facts of this case, the result points in favor of granting Plaintiff's dismissal without prejudice. First, Armor has submitted an answer, but has yet to engage in discovery, motion practice, or any other substantive litigation. Therefore, the effort and expense in preparing for trial has been, so far, minimal. Second, Plaintiff has not delayed in prosecuting his action. Rather, he has kept the Court apprised of his changes of address and has followed the Court's directives in a timely fashion, including submitting a prisoner trust fund account statement. Approximately one month after receiving Armor's answer and the Court's trial scheduling order, Plaintiff moved to dismiss the complaint. The Court does not see evidence of a lack of diligence or any other dilatory conduct. Third, the reason that Plaintiff seeks dismissal is because he does not have the resources to properly prepare the case because Milwaukee County Jail, where he currently resides, does not have a legal library or a computer for him to use. This is a reasonable explanation; it

does not appear that Plaintiff has any intention of forum shopping or is attempting to outmaneuver Defendants. Finally, Armor has not filed any dispositive motions, so the Court's decision to dismiss the case without prejudice does not leave them in a position where the merits of their liability have been presented, but remain unresolved. This case is still early enough in the proceedings that a dismissal without prejudice will be, as the term suggests, without prejudice.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to dismiss without prejudice (Docket #21) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 23rd day of January, 2020.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge