# UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| LANIS SOLOMON, JR<br><br>        Plaintiff,<br><br>v.<br><br>ARMOR CORRECTIONAL HEALTH, INC., et al.,<br>(HEALTHCARE-PROVIDERS, MEDICAL DIRECTOR,<br>NURSE PRACTITIONERS)<br><br>        Defendants. | Case No. 19-CV-12 |

### DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO RULE 37(b)(2) or 41(b)

NOW COMES Defendant, ARMOR CORRECTIONAL HEALTH INC., by its attorneys CASSIDAY SCHADE LLP, pursuant to Fed. R. Civ. P. 37(b)(2), or alternatively, Fed. R. Civ. P. 41(b), and hereby submits the following as its Memorandum of Law in support of dismissal of the claims filed by Plaintiff, Lanis Solomon, Jr., for his failure to comply with discovery and failure to prosecute his case.

### INTRODUCTION

Plaintiff's complaint alleges certain unnamed medical providers at the Milwaukee County Jail were deliberately indifferent in providing care for his alleged seizure disorder. (Dkt 1). Plaintiff was unable to identify the medical treaters against whom he asserted these claims, at the time he filed his complaint. The court ordered Plaintiff to identify, through discovery, the names of the medical treaters and amend his Complaint to include them in this lawsuit. Plaintiff has failed to make any effort to identify the medical treaters through discovery directed at Armor Correctional Health, Inc., ("Armor") and has not named them within the time frame prescribed

by the Court. As a consequence, the Court should dismiss this matter pursuant to Rule 37(b)(2) as an appropriate discovery sanction, or alternatively, pursuant to Rule 41(b).

## PERTINENT PROCEDURAL BACKGROUND AND FACTS

Plaintiff filed his Complaint on January 2, 2019. (Dkt. 1). The Court screened Plaintiff's Complaint and advised Plaintiff that Armor was not a correct defendant in this matter and he could only pursue his claims against the individual medical treaters or jail staff (Doe Defendants) who were directly responsible for a violating his constitutional rights under 42 U.S.C. Section 1983. (Dkt 12 Screening Order at pg. 5 citing *Minix v. Canarecci*, 597 F.3d 824, 833–34 (7th Cir. 2010)). However, the Court advised that Armor will be retained in the case so it could assist in disclosing the identities of the individual Doe defendants. (Dkt 12 Screening Order pg. 5); *See Donald v. Cook Cty. Sheriff's Dep't*, 95 F.3d 548, 556 (7th Cir. 1996).

The Court entered its Scheduling Order on October 16, 2019. (Dkt 19). In the Scheduling Order the Court set a deadline of January 14, 2020 (ninety days from the date of the Scheduling Order) for Plaintiff to identify the Doe Defendants. (Dkt 12 pg. 2-3). The Court encouraged Plaintiff to immediately engage in discovery to identify the Doe Defendants. (Dkt 12 pgs. 2-3). Further, the Court expressly stated that if the Doe Defendants are not identified by the deadline, "they will be dismissed without further notice." (Dkt 12 pgs. 2-3). As of the date of this motion the deadline for Plaintiff to have identified the Doe Defendants has passed and Armor has not received discovery of any kind from Plaintiff.

## ARGUMENT

**A. Plaintiff's Complaint Should be Dismissed With Prejudice Pursuant to Rule 37(b)(2).**

This Court should dismiss Plaintiff's Complaint with prejudice as an appropriate discovery sanction pursuant to Federal Rule of Civil Procedure 37(b)(2). Rule 37(b)(2) allows for dismissal when a plaintiff "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A)(v). A district court should dismiss a case as an appropriate discovery sanction when it determines that a plaintiff has displayed "willfulness, bad faith, or fault." *Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009). The district court's dismissal for failure to obey a discovery order pursuant to Rule 37(b)(2) will not be overturned absent an abuse of discretion. *Ladien v. Astachan*, 128 F.3d 1051, 1056 (7th Cir. 1997).

Here, the Court provided Plaintiff explicit instructions to identify the Doe Defendants by a deadline of January 14, 2020. (Dkt 12 pg. 2-3). As Plaintiff's Complaint was filed on January 2, 2019, that deadline provided Plaintiff over a year to identify the Doe Defendants through his own investigation and later through discovery. The Court even encouraged Plaintiff to immediately engage in discovery to work towards identifying the Doe Defendants, and attached educational literature to the order to explain the litigation process, including discovery. (See Dkt 12). Defendant has not so much as made an effort to identify any of the Doe Defendants and by doing so has failed to obey the Court order in violation of Fed. R. Civ. P. 37(b)(2)(A)(v).

Additionally, Plaintiff's *pro se* status cannot save his claims. The Seventh Circuit has repeatedly held that "even *pro se* litigants must comply with court rules and directives." *Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996). This requirement is especially true here, as Plaintiff was given ample time over the last year to conduct the necessary investigations and was provided explicit instructions by this Court and a firm deadline in which to identify the individuals Plaintiff identified as the Doe Defendants. (Dkt 12 pgs. 2-3). Accordingly, given the

explicit instructions from the court, it seems apparent Plaintiff should have recognized the importance of exchanging discoverable information with other parties involved in litigation, and he has failed to do so in accordance with the Court's Order. Dismissal is appropriate in this matter.

### B. Alternatively, this Court Should Dismiss Plaintiff's Claims Pursuant to Rule 41(b) for Want of Prosecution.

Alternatively, Plaintiff's claims are subject to dismissal because of Plaintiff's failure to engage in discovery to identify the Doe Defendants which has halted the progress of this matter. Pursuant to Federal Rule of Civil Procedure 41(b), a court may dismiss a plaintiff's claim when "the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). Unless stated to the contrary, a Rule 41(b) dismissal operates as adjudication on the merits. *Id.*

As the Seventh Circuit has stated, "[o]nce a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court; a party cannot decide for itself when it feels like pressing its action and when it feels like taking a break. *In re Nora*, 417 Fed. Appx. 573, 575 (7th Cir. 2011). Moreover, "[i]t is not the responsibility of the Court or defense counsel to chase Plaintiff down to secure his compliance with discovery." *Hood v. R.R. Donnelley*, No. 13-cv-2055, 2013 U.S. Dist. LEXIS 173809, at *2 (C.D. Ill. Dec. 12, 2013). A district court need not impose lesser sanctions before resorting to dismissal. *Halas v. Consumer Servs., Inc.*, 16 F.3d 161, 165 (7th Cir. 1994).

Plaintiff has failed to prosecute his claims. The Doe defendants have not been identified by the court-imposed deadline. It is not the responsibility of the Court or of Armor to chase down Plaintiff and seek his compliance with the court-imposed deadline to issue discovery and identify

the Doe Defendants. Plaintiff is not permitted to pursue his claims against Armor and has not made an effort to identify the Doe Defendants against whom he may pursue his claims. Allowing Plaintiff to continue with his claims at this stage would be prejudicial to the potential Doe Defendants as they will be forced to comply with the Court's scheduling order despite being brought into the lawsuit well after the Court imposed deadline.

Plaintiff has no defendants against whom he can pursue his claims because he failed to engage in discovery to identify the Doe Defendants. Plaintiff has failed to comply with the Court's order and has failed to comply with Federal Rule of Civil Procedure 41(b) by failing to prosecute his claims. Accordingly, this Court should dismiss Plaintiff's claims for want of prosecution.

## **CONCLUSION**

Plaintiff's refusal to comply with discovery requires dismissal of this case pursuant to Federal Rule of Civil Procedure 37(b)(2) and alternatively, Rule 41(b). Plaintiff's failure to progress his case and to comply with the Court's Order warrants dismissal.

WHEREFORE, ARMOR CORRECTIONAL HEALTH INC. moves this Court to enter an Order dismissing Plaintiff's claims, with prejudice, pursuant to Federal Rule of Civil Procedure 37(b)(2), and alternatively, Rule 41(b).

Respectfully submitted this 23th day of January, 2020,

*/s/ John J. Reid*

John J. Reid
Attorney for Armor Correctional Health Inc.
Wis. Bar No. 1057458

CASSIDAY SCHADE LLP
330 Kilbourn, Suite 575
Milwaukee, WI  53202
(414) 224-1086
(414) 224-6044 – Fax
jreid@cassiday.com

9386196tkallies